PER CURIAM.
The Prudential Insurance Company of America, defendant in the trial court, appeals a final judgment determining the amount of benefits to which plaintiff Terry Tennen is entitled under a certain life insurance policy.
On October 28, 1973, Prudential issued to Terry’s husband, Meyer Tennen, a $50,000 life insurance policy which contained an automatic nonforfeiture provision. When a premium remained unpaid at the expiration of the grace period and at the same time the policy has a cash value, the unpaid premium is automatically paid by the cash value, which is reduced accordingly. Thereafter Meyer, on May 1, 1975, transferred ownership of the policy to his wife, Terry. Subsequently, on January 28,1977, Prudential loaned Meyer $3,875.90 on the policy. To obtain the loan, Meyer forged Terry’s name on the loan application and on the back of the check issued to him by Prudential. He then deposited the proceeds in a joint checking account. Meyer died on March 5, 1977 and Terry demanded that Prudential pay her the $50,000 under the policy. Prudential refused to pay for the reason that the policy premium due on January 28, 1977 had not been paid and the $3,875.90 loan having depleted the cash value of the loan, the policy could not be extended under the automatic nonforfeiture provision. Terry filed suit against Prudential and sought recovery of the benefits under the policy. Following a non-jury trial, the court entered judgment as follows:
“1. That at the time of the insured’s death on March 5, 1977, there had been outstanding loans against said policy in the amount of $3,875.90 representing the total cash value of the policy, which loan was obtained by means of a forgery by the now deceased insured without the Plaintiff/Wife’s knowledge.
“2. Plaintiff, TERRY TENNEN, received the benefits and use of these loan proceeds.
“3. That the last monthly premiums paid on policy number 39-145-694 were for the month of December, 1976 and that the premiums for the months of January and February, 1977 were unpaid and remained due and owing at the time of the insured’s death.
“4. The Court holds that the Plaintiff, TERRY TENNEN, is entitled to recover against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA the *737 face amount of policy number 39-145-694, which is $50,000.00, less the amount of thé loan of $3,875.90 with interest of $81.54 and. less the amount of the unpaid premiums for January and February of 1977 in the amount of $496.40.
“It is ORDERED AND ADJUDGED that judgment on the Plaintiff, TERRY TEN-NEN, shall recover from the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, the sum of $45,546.16 with her costs for which let execution issue.”
Prudential appeals therefrom. We affirm.
Courts are always quick to prevent the deprivation of the rights of the beneficiary by fraud. See 3A Appleman Ins. L. & P. § 1754 (1967). If the insurer acts wrongfully in making an unauthorized loan and thus, reduces the amount available for extended coverage which would otherwise have kept the policy in force until after the insured’s death, it is liable to the beneficiary for the amount of the policy. Farmer v. Prudential Ins. Co. of America, 167 So. 234 (La.App.1936) and 3 Appleman Ins. L. & P. § 173.7 (1967). The loan in the instant case having been obtained by forgery without Terry Tennen’s knowledge or consent, we conclude that under the above principles of law, the trial court was correct in entering judgment for Terry Tennen. See, e. g., Mutual Benefit Life Ins. Co. v. Willoughby, 54 So. 834, 99 Miss. 98 (1911).
Affirmed.